# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RONALD SATISH EMRIT,**

      **Plaintiff,**

**v.**                                               **Case No:   6:20-cv-191-Orl-41LRH**

**FEDERAL BUREAU OF
INVESTIGATION,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Long Form) (Doc. No. 2)**
>
> **FILED:** February 5, 2020
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

**I.    BACKGROUND.**

On February 5, 2020, Plaintiff Ronald Satish Emrit, appearing *pro se*, filed a complaint against the Federal Bureau of Investigation ("FBI"). Doc. No. 1. Plaintiff asserts violations of the Equal Protection Clause, the Due Process Clause, the Privileges and Immunities Clause, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act ("ADA").

*Id.* at 16–26. He also alleges claims of negligence, intentional infliction of emotional distress, tortious invasion of privacy through intrusion upon seclusion and "false light." *Id.* at 26–31.

The factual allegations of the complaint are rambling and disjointed, and at points, difficult to follow. Plaintiff alleges that he is "indigent, disabled, and unemployed." *Id.* at 2. Throughout the complaint, Plaintiff provides a detailed recitation of the last 30+ years, which includes winning a science fair in the 1990s, work history in the health field as early as 1995, law school attendance beginning in 1999, a trip to Cuba in 1999, challenges to one of his law school professors in 2001, an email marriage proposal to his ex-girlfriend in 2001, his temporary employment in 2004 at the National Cancer Institute, his diagnosis of bipolar and schizoaffective disorders in 2004, the filing of articles of incorporation in 2013, d/b/a Alex Garcia Enterprises, Inc., the revocation of the corporate charter of Alex Garcia Enterprises, Inc. in 2016, and his candidacy for president in 2016 and 2020. *Id.* at 4–11, 14.

Plaintiff states that he "believes he was placed on an 'FBI watch list' on or around late 2001 because his phenotype looks like a Middle Easterner or Arab and also because his law school may have reported to the police or FBI that the plaintiff had erratic behavior while questioning his . . . professor and emailing a misunderstood marriage proposal to his ex-girlfriend." *Id.* at 11. Plaintiff also believes he became a "person of interest" based on his previous work history in the health field and possibly because he mailed letters to his fiancé in Cuba. *Id.* at 12. Plaintiff has allegedly had conversations with FBI agents in the past, and has applied to several government agencies for employment, including to be "a clandestine agent with CIA," although he was never offered the position. *Id.* at 15, 16.

Plaintiff alleges that, as an African American, he is a member of a suspect class. *Id.* at 16–31. In the complaint, Plaintiff alleges that the FBI is required to show by a preponderance of the

evidence that any federal, state, or local laws restricting Plaintiff from being placed on the primary and general election ballots, and racially-profiling Plaintiff, must be "narrowly-tailored to a compelling government objective." *Id.* at 17. Plaintiff also alleges that the FBI violated his rights under various laws by racially profiling him, and possibly subjecting him to counterintelligence, although Plaintiff states on several occasions that he "does not mind or is not offended by the possible prospect of being an 'intelligence subject.'" *E.g.*, *id.* at 19.

With the complaint, Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which has been construed as a motion to proceed *in forma pauperis*. Doc. No. 2. The motion to proceed *in forma pauperis* was referred to the undersigned, and the matter is ripe for review.

## II. STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii).[1] A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III.   ANALYSIS.

Upon review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it appears that Plaintiff may qualify as a pauper pursuant to § 1915(a)(1). However, Plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted.

Plaintiff is a frequent filer of frivolous claims in federal court. As noted by another court,

> The present plaintiff is a classic example of a litigant who abuses the privilege of proceeding IFP. A search of the Pacer electronic database as of the date of this Order reveals over two hundred civil cases and appeals in the federal court system filed under the name Ronald Satish Emrit. Mr. Emrit has been sanctioned by the Western District of Texas, which determined that he "abuses the *in forma pauperis* process and clogs the federal district courts with meritless litigation." *See Emrit v. Nat'l Academy of Recording Arts & Sciences*, No. 1:14-cv-00392-SS, 2015 WL 518774, at *4 (W.D. Tex. Feb. 5, 2015) (listing cases). The Northern District of Texas has twice rejected Mr. Emrit's attempts to obtain IFP status to bring his frivolous lawsuits and required him to pay the required filing fee to proceed. *See Emrit & Leal-Martinez v. Binder & Binder*, No. 3:14-CV-3844-D, ECF No. 20 (N.D. Tex. June 8, 2015), *rep. and rec. adopted*, ECF No. 22 (N.D. Tex. June 30, 2015);

>    *Emrit v. Wells Fargo Bank Inc.*, No. 4:18-cv-00091-O, ECF No. 5 (N.D. Tex. Feb. 8, 2018). Further, Mr. Emrit has been barred from filing suits without leave of court in at least three federal district courts. *See Emrit v. Ctrs. for Medicare & Medicaid Servs. (CMS)*, No.: 2:14-cv-1761-GMN-PAL, 2016 WL 164992 (D. Nev. Jan. 14, 2016); *Emrit v. Nat'l Academy of Recording Arts & Sciences*, 2015 WL 518774, at *4; *Emrit v. Time Warner, Inc.*, No. 1:14-cv-00314-LAP, ECF No. 13 (S.D.N.Y. May 16, 2014).

*Ronald Satish Emrit v. Zuckerberg San Fran. Gen. Hosp. et al.*, No. 3:18-cv-316-BAS-JMA, Doc. No. 3 (S.D. Cal. Feb. 13, 2018). Plaintiff has also filed at least ten cases in the Middle District of Florida under his individual name, and at least two cases under Alex Garcia Enterprises, Inc.[2]

In this case, I recommend that the Court deny Plaintiff's request to proceed *in forma pauperis* and dismiss the complaint pursuant to § 1915. As an initial matter, Plaintiff's complaint is a quintessential shotgun pleading. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Plaintiff's complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," which fails "to give the defendant[] adequate notice of the claims against [it] and the grounds upon which each claim rests." *Id.* at 1321–22.

Moreover, Plaintiff's complaint is frivolous. A complaint is frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327–28); *see also Fortson v. Georgia*, 601 F. App'x 772, 774 (11th Cir. 2015) (per curiam) (citations omitted) (finding that a complaint is frivolous if it "is without arguable merit either in law or fact" and the plaintiff's "realistic chances of ultimate success are slight."). Here, even construing the allegations of Plaintiff's complaint liberally, Plaintiff's claims

---

[2] *See* Case Nos. 6:14-cv-509; 6:14-cv-529; 5:16-cv-599; 5:19-cv-525; 6:14-cv-529; 6:19-cv-1942; 8:14-cv-564; 8:14-cv-565; 8:15-cv-1872; 8:19-cv-2531; 8:19-cv-2562; 6:20-cv-191; 3:20-cv-115.

are "clearly baseless," and therefore frivolous within the meaning of § 1915(e)(2)(b).  *See Neitzke*, 490 U.S. at 325.

Generally, the Court should provide a *pro se* litigant at least one opportunity to amend a deficient pleading.  *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).  However, due to Plaintiff's status as a frequent filer, and because the complaint in this case is wholly frivolous, I recommend that the Court decline to permit Plaintiff to file an amended complaint.  *See, e.g.*, *Miller v. Donald*, 541 F.3d 1091, 1101 (11th Cir. 2008) (citations omitted) ("[T]he court can consider [the plaintiff's history of meritless litigation] in deciding to dismiss a questionable claim."); *see also Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (cited as persuasive authority) (a court may dismiss a case pursuant to § 1915 "because it is wholly insubstantial and frivolous").  Moreover, "amendment would prove futile since it does not appear that [Plaintiff] could state a claim for relief that is plausible on its face if granted an opportunity to amend."  *Curry v. Polk Cty., Fla.*, No. 8:16-cv-00299-CEHAEP, 2016 WL 3226437, at *2 (M.D. Fla. June 13, 2016) (citing *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).[3]

## IV.    RECOMMENDATION.

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that the Court:

1.    **DENY** the motion to proceed *in forma pauperis* (Doc. No. 2);

2.    **DISMISS** the complaint (Doc. No. 1); and thereafter

3.    **DIRECT** the Clerk of Court to close the file.

---

[3] If the Court disagrees and finds that Plaintiff should be permitted to file an amended complaint, I note that it does not appear that venue is proper in this district.  In the complaint, Plaintiff alleges that he is a resident of the state of Nevada, but that his mailing address is in Sarasota, Florida.  Doc. No. 1, at 2.  He states that he filed this action here "because of the fact that the plaintiff attended law school at Saint Thomas University School of Law in Miami . . . and also took the bar exam . . . in Tampa."  *Id.* at 3.  He provides a mailing address for the FBI in Washington, D.C.  *Id.*

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 21, 2020.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party